UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARK ALLEN PERSON,<br><br>　　　　　　　　　Defendant. | NO: 2:14-CR-115-RMP<br><br>ORDER REGARDING DEFENSE MOTIONS |

Before the Court are Defendant Mark Allen Person's Motion to Strike, ECF No. 30; Motion to Dismiss for Violation of Right to Speedy Trial, ECF No. 34; Motion for Notice of Government's Intent to Introduce Rule 404 Evidence at Trial, ECF No. 35; and Motion to Compel Grand Jury Transcripts, ECF No. 36. The Court heard argument and considered evidence regarding these motions at a pretrial conference held on March 19, 2015. Mr. Person, who is in custody, was present and represented by Robert R. Fischer. Assistant United States Attorney Stephanie A. Van Marter was present on behalf of the Government. The Court has reviewed the file, has heard from counsel, and is fully informed.

ORDER REGARDING DEFENSE MOTIONS ~ 1

BACKGROUND

Mr. Person was indicted for mailing threatening letters to a victim identified as B.H., his former girlfriend. *See* ECF No. 1 at 4-5. The Indictment alleges that between October 2012 and December 2012, Mr. Person sent B.H. two letters that included the statements that he would "give [B.H.] the option of either being [his] friend or a victim" and that "one day [B.H.] will have to deal with [him]." ECF No. 1 at 4.

Although the letters that form the basis of Mr. Person's alleged offense were sent in 2012, under a section entitled "General Allegations," the Indictment reflects that Mr. Person mailed threatening letters to B.H. beginning in January 2008. ECF No. 1 at 1, 4. The Indictment includes excerpts from letters written in 2008, in which Mr. Person recounts acts of violence that he committed against others. ECF No. 1 at 1-3.

Mr. Person was imprisoned for an unrelated conviction at the time when all of the letters allegedly were sent. According to the Government's briefing, B.H. reported the letters to the U.S. Marshals Service on October 24, 2012. ECF No. 45 at 2-3. However, Mr. Person was not indicted until August 19, 2014. ECF No. 1.

Mr. Person filed four pretrial motions, which the Court will discuss in turn.

ANALYSIS

*1. Motion to Strike Surplusage*

Mr. Person moves to strike from the Indictment the excerpts from the 2008 letters, which he characterizes as irrelevant and highly prejudicial. ECF No. 30. Alternatively, Mr. Person requests the Court to ensure that the Indictment is not given or read to the jury.

The Court may strike surplusage from an indictment pursuant to Fed. R. Crim. P. 7(d). "The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983)).

The 2008 letters are relevant to the case against Mr. Person. In order to prove that Mr. Person mailed threatening communications in violation of 18 U.S.C. § 876, the Government must demonstrate that Mr. Person had the specific intent to threaten. *United States v. Twine*, 853 F.2d 676, 680 (9th Cir. 1988). Although not part of the charged conduct, the detailed accounting of prior violent acts that is recorded in the 2008 letters is relevant to the Government's assertion that Mr. Person intended to threaten B.H. in the later letters.

Mr. Person compares the Indictment in this matter to the facts of *United States v. Fuchs*, 218 F.3d 957 (9th Cir. 2000). In *Fuchs*, the Ninth Circuit set aside

1  the jury's general verdict because only some of the overt acts asserted in the

2  indictment occurred within the statute of limitations.  218 F.3d at 961.  Thus, the

3  jury could have based its guilty verdict on a legally inadequate ground.  *Id.*

4      *Fuchs* is distinguishable.  Here, although the Indictment refers to the 2008

5  letters within its "General Allegations," the charged conduct included in Count 1 of

6  the charging document refers to only the 2012 letters.  ECF No. 1.  To the extent

7  that Mr. Person is concerned that the jury would return a conviction based on the

8  2008 letters, which the parties agree are beyond the statute of limitations, Mr.

9  Person may propose a jury instruction specifying that, in order to convict, the jury

10  must find that the prohibited acts occurred within the statute of limitations.  *See*

11  *Fuchs*, 218 F.3d at 961 ("[T]his defect in the indictment could have been cured

12  simply by instructing the jury that it had to find that an overt act in furtherance of

13  the conspiracy occurred within the statute of limitations.").

14      Moreover, as was explained at the pretrial conference, the Government does

15  not intend to request that the Indictment be read to the jury, nor is it the Court's

16  practice to do so.  Accordingly, the jury will not hear the portions of the Indictment

17  that Mr. Person claims to be irrelevant and prejudicial.[1]  Mr. Person's Motion to

18  Strike Surplusage is denied.[2]

---

[1] This determination has no effect on the admissibility of the 2008 letters themselves.

[2] Mr. Person also asserts that reference to the 2008 letters in the Indictment prejudicially could affect his sentence if he pleads guilty or is convicted.  ECF No. 30 at 9.  Mr. Person argues that, if the Court considers the 2008 letters to constitute part of the substantive offense, then his sentence would reflect a greater portion of his criminal history than otherwise would be

ORDER REGARDING DEFENSE MOTIONS ~ 4

*2. Motion to Dismiss for Violation of Right to Speedy Trial*

Mr. Person also argues that this case should be dismissed because of the violation of his right to a speedy trial. ECF No. 34. In support of his motion, Mr. Person refers to the Sixth, Fifth, and Fourteenth Amendments as well as Fed. R. Crim. P. 48. Although defense counsel discusses in substantial detail the law regarding post-indictment delay, it is apparent from counsel's analysis that his true concern is pre-indictment delay. *See* ECF No. 34 at 7. Thus, Mr. Person's argument regarding the Sixth Amendment right to a speedy trial is inapposite because that right is implicated only after a putative defendant is accused of a crime. *United States v. Marion*, 404 U.S. 307, 313 (1971).

The applicable statute of limitations generally is the authority that protects defendants from excessive pre-indictment delay. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). In rare circumstances, however, the Due Process Clause requires dismissal of charges that were filed within the statutory limitations period. *See id.* at 1290.

Courts in the Ninth Circuit "apply a two-part test to determine whether preindictment delay denied due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those 'fundamental

---

considered. *See* U.S. Sentencing Guidelines Manual § 4A1.2(e) (2014). However, the Court is aware of no connection between the calculation of a defendant's criminal history and general background in an indictment that does not constitute part of the charged offense. This argument has no merit.

ORDER REGARDING DEFENSE MOTIONS ~ 5

1 conceptions of justice which lie at the base of our civil and political institutions.'"

2 *Id.* (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1992))

3 (internal quotation marks omitted).  A defendant must show actual prejudice,

4 which is a heavy burden, before a court will turn to the second prong.  *Id.*

5       Here, Mr. Person claims that he was prejudiced by the delay in bringing the

6 Indictment because he no longer possesses letters that he allegedly received from

7 B.H., which would have provided context for the letters that he allegedly sent.

8 Also, Mr. Person, with the aid of a defense investigator, has been unable to find

9 someone who used to live with Mr. Person and who might have testified in his

10 defense.  Furthermore, Mr. Person alleges that other acquaintances have forgotten

11 relevant facts over time, such that they can provide few details about the nature of

12 Mr. Person's relationship with B.H. or about the use of the phrase "friend or

13 victim," which appears in one of letters at issue in this case.

14       Mr. Person has not carried his heavy burden of showing actual prejudice.

15 He contends that some evidence no longer is available, but there is no indication

16 that the missing letters from B.H. somehow would justify the letters that Mr.

17 Person allegedly sent, nor has Mr. Person shown that any of his former

18 acquaintances would have provided testimony that would be favorable to the

19 defense.  His contentions to the contrary rest only on speculation and are

20 insufficient to establish actual prejudice.  *See United States v. Doe*, 149 F.3d 945,

21

ORDER REGARDING DEFENSE MOTIONS ~ 6

949 (9th Cir. 1998) (rejecting defendant's claim of actual prejudice based on loss of fanny pack, "which might have contained exculpatory evidence"). [3]

Mr. Person also requests dismissal pursuant to Fed. R. Crim. P. 48(b), which permits a court to dismiss an indictment "if unnecessary delay occurs in[,]" among other things, "presenting a charge to a grand jury . . . ." Rule 48(b) dismissal is appropriate in only extreme circumstances, and only where the court forewarns prosecutors of the consequences of delay and exercises caution in dismissing a case. *United States v. Talbot*, 51 F.3d 183, 186-87 (9th Cir. 1995). "Caution requires findings of prosecutorial misconduct and actual prejudice to the accused." *Huntley*, 976 F.2d at 1292.

Here, the Government was not forewarned that delay would result in dismissal of the Indictment, nor, as discussed above, has Mr. Person shown any actual prejudice. Dismissal under Rule 48(b) would be improper.

*3. Motion for Notice of Government's Intent to Introduce Rule 404 Evidence at Trial*

---

[3] At the hearing, defense counsel also referred to the American Law Reports' discussion of the Uniform Mandatory Disposition of Detainers Act ("UMDDA") in support of his contention that Mr. Person was prejudiced by the delay in seeking an indictment because, if charged sooner, he could have had the opportunity to serve any sentence in this matter concurrently with the sentence that was pending during the alleged conduct. *See* Fern L. Kletter, *Construction and Application of Uniform Mandatory Disposition of Detainers Act*, 37 A.L.R. 6th 357 (originally published in 2008). However, the UMDDA concerns defendants against whom charges have been filed and is irrelevant to defense counsel's arguments regarding pre-indictment delay. *See id.* at I, § 2.

ORDER REGARDING DEFENSE MOTIONS ~ 7

1  Mr. Person requests the Court to order the Government to provide notice, 30
2  days in advance of trial, of any Fed. R. Evid. 404(a)(2) and 404(b) evidence that it
3  intends to use at trial. ECF No. 35. At the pretrial conference, the Court ordered
4  the Government to provide notice pursuant to Fed. R. Evid. 404(b) on or before
5  April 2, 2015.

6  *4. Motion to Compel Grand Jury Transcripts*

7  Mr. Person also moves for an order compelling the Government to produce
8  transcripts of the grand jury testimony of the Government's witnesses. ECF No.
9  36. The Government indicated at the pretrial conference that it does not object to
10 producing the transcripts 30 days before trial.

11 After the defense investigator testified at the pretrial conference, the
12 Government orally requested copies of the investigator's notes. Defense counsel
13 objected on the basis that the notes constituted protected work product but
14 indicated that he would provide the notes. The Court orders defense counsel to
15 produce the investigator's notes in accordance with Fed. R. Crim. P. 26.2.

16 Accordingly, **IT IS HEREBY ORDERED**:

17 1. Defense counsel shall provide the defense investigator's notes to the
18    Government, in accordance with Fed. R. Crim. P. 26.2, on or before
19    **April 2, 2015**.
20 2. The Government shall disclose the grand jury transcripts to defense
21    counsel no later than **May 21, 2015**.

ORDER REGARDING DEFENSE MOTIONS ~ 8

3. The Government shall provide notice pursuant to Fed. R. Evid. 404(b) on or before **April 2, 2015**.

4. Mr. Person's Motion to Strike, **ECF No. 30**, is **DENIED**.

5. Mr. Person's Motion to Dismiss for Violation of Right to Speedy Trial, **ECF No. 34**, is **DENIED**.

6. Mr. Person's Motion for Notice of Government's Intent to Introduce Rule 404 Evidence at Trial, **ECF No. 35**, is **GRANTED**.

7. Mr. Person's Motion to Compel Grand Jury Transcripts, **ECF No. 36**, is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of March 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge